FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2009 SEP 22 | A 9 32

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:09-cv-961-J-34 JRK |
| | ) | |
| FRED J. CHAMBERS, JAMES PATRICK | ) | |
| CHAMBERS, and JANNETT MATHERS. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, by undersigned counsel, alleges as follows:

1.      This action is brought by the United States of America to reduce to judgment unpaid federal tax liabilities, set aside fraudulent conveyances, and foreclose the federal tax liens securing the unpaid tax liabilities of defendant Fred J. Chambers.

2.      This action has been authorized and requested by a duly designated delegate of the Secretary of the Treasury of the United States, and is commenced upon the direction of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401.

3.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. §§ 7402, 7403.

4.      Venue properly lies in this judicial district under 28 U.S.C. §§ 1391(b), 1396, as the real property in this suit is located in Jacksonville, Florida.

5.      Defendant Fred J. Chambers resides in Jacksonville, Florida, within the jurisdiction of this Court.

4621690.1

6.     Defendants James Patrick Chambers and Jannett Mathers are joined as parties to this action, pursuant to 26 U.S.C. § 7403(b), as persons who may claim an interest in the real property upon which the United States seeks to foreclose its tax liens.

## IDENTIFICATION OF THE SUBJECT PROPERTIES

7.     The properties that are the subject of this foreclosure action (collectively, the "Subject Properties") are:

a.     A parcel of real property located at 7815 Fawnbrook Cir. E., Jacksonville, Florida 32256 (the "Fawnbrook Property"), which is legally described as:

> Lot 25B, FAWN RIDGE, according to plat thereof as recorded in Plat Book 39, pages 74, 74A, 74B, and 74C of the current public records of Duval County, Florida.

b.     A parcel of real property located at 4817 S. Deermoss Way, Jacksonville, Florida 32256 (the "Deermoss Property"), which is legally described as:

> Lot 24-A PINE RUN according to plat thereof as recorded in Plat Book 39, page 8 and 8A of the public records of Duval County, Florida.

c.     A parcel of commercial property located at 3606 Emerson Street, Jacksonville, Florida, 32207 (the "Emerson Property"), which is legally described as:

> Lot 10, Block 14, SPRING MANOR UNIT NO. 6, according to plat thereof as recorded in Plat Book 21, page 2 of the current public records of Duval County, Florida.

4621690.1

d.      A parcel of real property located at 722 Lee Road, Jacksonville, Florida 32225

(the "Lee Road Property"), which is legally described as:

> Tract 6, ATLANTIC BOULEVARD ESTATES SECTION 5, according to
> plat thereof recorded in Plat Book 18, pages 52, 52A and 52B of the
> current public records of Duval County, Florida.

8.      On or about August 18, 1988, by Mortgage Deed, recorded in the public records

of Duval County, Florida, at VOL 6568 PG 0688, Defendant Fred J. Chambers acquired the

Fawnbrook Property, subject to a mortgage.

9.      On or about August 8, 1990, a Warranty Deed for the Fawnbrook Property,

recorded in the public records of Duval County Florida, at VOL 6947 PG 0113, was given to

Defendant Fred J. Chambers, in full satisfaction of the Mortgage Deed on the Fawnbrook

Property, described in paragraph 8.

10.     On or about November 20, 1990, by Warranty Deed, recorded in the public

records of Duval County, Florida, at VOL 7016 PG 0516, Defendant Fred J. Chambers and

James Patrick Chambers acquired the Deermoss Property.

11.     On or about August 18, 1988, by Mortgage Deed, recorded in the public records

of Duval County, Florida, at VOL 6568 PG 0688, Defendant Fred J. Chambers acquired the

Emerson Property, subject to a mortgage.

12.     On or about August 8, 1990, a Warranty Deed for the Emerson Property, recorded

in the public records of Duval County Florida, at VOL 6947 PG 0113, was given to Defendant

Fred J. Chambers, in full satisfaction of the Mortgage Deed on the Emerson Property, described

in paragraph 11.

4621690.1

13.    On or about June 16, 2004, by Warranty Deed, recorded in the public records of Duval County, Florida, at BK 11874 PG 7, Defendant Fred J. Chambers conveyed his interest in the Emerson Property to James Patrick Chambers and Jannett Mathers for no consideration.

14.    On or about January 10, 1986, by Warranty Deed, recorded in the public records of Duval County, Florida, at VOL 6073 PG 1187, Defendant Fred J. Chambers and Margaret I. Chambers acquired the Lee Road Property.

15.    Margaret I. Chambers is deceased, and her interest in the Lee Road Property passed to Defendant Fred J. Chambers upon her death.

16.    On or about June 11, 2004, by Warranty Deed, recorded in the public records of Duval County, Florida, at BK 11874 PG 7, Defendant Fred J. Chambers, "a/k/a Fred Chambers, and Margaret I. Chambers by Fred J. Chambers, a/k/a Fred Chambers her Attorney in Fact," conveyed his interest in the Lee Road Property to James Patrick Chambers and Jannett Mathers for no consideration.

## COUNT ONE:
## TO REDUCE TAX ASSESSMENTS TO JUDGMENT

17.    The United States realleges the allegations of paragraphs 1 through 16, above.

18.    On the dates and in the amounts indicated below, a delegate of the Secretary of Treasury assessed against the defendant Fred J. Chambers federal income taxes, penalties and interest, as follows:

4621690.1

| Tax Year | Assessment Date | Tax | Penalty | Interest |
|---|---|---|---|---|
| 1996 | 3/15/1999 | $76,389.00 | $4,114.00 (Estimated Tax)<br>$19,097.25 (Late Filing)<br>$8,784.73 (Failure to Pay) | $16,651.80 |
| 1997 | 5/10/2004 | 126,990.00 | $6,794.06 (Estimated Tax)<br>$31,747.50 (Late Filing) | $83,412.63 |
| 1998 | 5/17/2004 | $11,562.00 | $529.05 (Estimated Tax)<br>$2,601.00 (Late Filing)<br>$2,890.50 (Failure to Pay) | $5,849.72 |
| 1999 | 6/14/2004 | $57,860.00 | $2,800.20 (Estimated Tax)<br>$13,019.00 (Late Filing)<br>$14,465.00 (Failure to Pay) | $21,877.58 |
| 2000 | 6/14/2004 | $62,296.00 | $3,327.51 (Estimated Tax)<br>$14,017.00 (Late Filing)<br>$11,836.24 (Failure to Pay) | $15,013.86 |
| 2001 | 6/14/2004 | $94,621.00 | $3,781.40 (Estimated Tax)<br>$21,290.00 (Late Filing)<br>$12,300.73 (Failure to Pay) | $13,530.01 |
| 2003 | 10/17/2005 | $2,331.00 | $524.48 (Late Filing)<br>$221.44 (Failure to Pay) | $233.72 |

19.     Notices of assessments referenced in paragraph 18 and demand for payment were duly issued to defendant Fred J. Chambers.  Despite notice of the assessments and demand for payment, defendant Fred J. Chambers has refused to pay the full amount of the assessments described in paragraph 18, and there remains due and owing on said assessments a total of $647,181.25, as of July 14, 2009, plus fees, interest, and all statutory additions thereafter provided by law.

20.     On November 2, 2001, defendant Fred J. Chambers made a written request for a collection due process hearing with respect to his income tax liability for the 1996 tax year.  A

4621690.1

final notice of determination was issued on April 13, 2002. Under 26 U.S.C. § 6330(e)(1), the limitations period to collect defendant Fred J. Chambers's 1996 tax liability was suspended during those dates, plus the period during with defendant could appeal the determination, a period of 192 days. As a result, the period of time to collect the tax assessments at issue will not expire until September 23, 2009, and this action to reduce Chambers's 1996 liability to judgment is timely.

## COUNT TWO:
## TO SET ASIDE THE FRAUDULENT CONVEYANCES OF THE EMERSON PROPERTY AND THE LEE ROAD PROPERTY

21.     The United States realleges the allegations of paragraphs 1 through 20, above.

22.     The purported conveyances described above in paragraphs 13 and 16 were made without the exchange of adequate and full consideration in money or money's worth.

23.     Since the federal income taxes for the 1996 tax year were assessed, as described in paragraph 18, prior to the purported conveyances described in paragraphs 13 and 16, and since the transferees do not qualify as "purchasers" under 26 U.S.C. §6323(h)(6), these purported transfers were made subject to the federal tax lien for 1996 taxes.

24.     The IRS's claims for 1996, 1997, 1998, 1999, 2000, 2001 and 2003 arose on the date the taxes were due, April 15, 1997, 1998, 1999, 2000, 2001, 2002 and 2004, respectively; therefore, at the time of the purported conveyances described above in paragraphs 13 and 16, federal income taxes were due and owing from defendant Fred J. Chambers.

25.     The purported conveyances described in paragraphs 13 and 16 were made to the children of defendant Fred J. Chambers.

- 6 -

26.     Defendant Fred J. Chambers retained possession or control of the Emerson Property and Lee Road Property following the purported conveyances described in paragraphs 13 and 16.

27.     At the time of the purported conveyances described in paragraphs 13 and 16, defendant Fred J. Chambers had not filed federal income tax returns or paid federal income taxes for the 1996, 1997, 1998, 1999, 2000, 2001 and 2003 tax years.

28.     The purported conveyances, described in paragraphs 13 and 16, were made with the intent to hinder, delay, or defraud creditors of Defendant Fred J. Chambers, including depriving the United States of federal income taxes lawfully due or to become due.

29.     The purported conveyances, described in paragraphs 13 and 16 were fraudulent under Florida Statutes 222.30, 726.105 and/or the Federal Debt Collections Procedures Act ("FDCPA"), 28 U.S.C. § 3001, et seq., and are therefore of no effect as to the United States.  The United States may cause said conveyances to be set aside, and Defendant Fred J. Chambers should be recognized as the true owner of the Emerson Property and the Lee Road Property.

### COUNT THREE:
### TO FORECLOSE THE FEDERAL TAX LIENS UPON THE SUBJECT PROPERTIES

30.     The United States incorporates by reference the allegations contained in paragraphs 1 through 29, above.

31.     Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the unpaid federal arose in favor of the United States on the respective assessment dates, described in paragraph 18, and attached to all property and all rights to property of defendant Fred J. Chambers, including the Subject Properties.

4621690.1

32.     On October 3, 2001, the United States filed a Notice of Federal Tax Lien, recorded in the public records of Duval County, Florida, at BK10172 PG 1275, against defendant Fred J. Chambers in the amount of $125,036.78 for the tax year ending December 31, 1996. On April 3, 2009, the United States refiled the Notice of Federal Tax Lien for the 1996 tax year, recorded in the public records of Duval County, Florida, at BK 14832 PG 463, in the amount of $19,512.86

33.     On June 18, 2004, the United States filed a Notice of Federal Tax Lien, recorded in the public records of Duval County, Florida, at BK 11878 PG 1145, against defendant Fred J. Chambers in the amount of $347,948.94 for the tax years ending December 31, 1997, 1998 and 1999.

34.     On July 9, 2004, the United States filed a Notice of Federal Tax Lien, recorded in the public records of Duval County, Florida, at BK 11920 PG 873, against defendant Fred J. Chambers in the amount of $252,013.75 for the tax years ending December 31, 2000 and 2001.

35.     On September 25, 2007, the United States filed a Notice of Federal Tax Lien, recorded in the public records of Duval County, Florida, at BK 14198 PG 1393, against defendant Fred J. Chambers in the amount of $3310.64 for the tax year ending December 31, 2003.

4621690.1

WHEREFORE, the plaintiff, United States of America, prays for the following relief:

A.      That the Court enter judgment in favor of the United States and against defendant Fred J. Chambers in the total amount of $647,181.25, as of July 14, 2009, for federal income tax liabilities for tax years 1996 through 2001 and 2003, plus fees, interest, and all statutory additions thereafter as provided by law.

B.      That the Court find that the purported conveyances of the Emerson Property and the Lee Road Property, described in paragraphs 13 and 16, respectively, are void, because the conveyances were made with the actual intent to hinder, delay or defraud the legitimate creditors of defendant Fred J. Chambers, including the United States of America, without an exchange of reasonably equivalent value; and that the Court determine that the purported conveyances of these properties were fraudulent conveyances and of not effect to the lien claims of the United States.

C.      That this Court determine the respective ownership interests of defendants Fred J. Chambers, James Patrick Chambers and Jannett Mathers in the Subject Properties.

D.      That this Court determine that the United States' federal tax liens attach to the interest of defendant Fred J. Chambers, in the Subject Properties.

E.      That this Court adjudge and decree that the tax liens of the United States be foreclosed on Subject Properties and that the properties be sold free and clear of the liens and claims of all parties and that the proceeds of sale be distributed to the United States in accordance with the priority determined by the Court and to the extent of the unpaid balance of the assessments described in paragraph 18, plus fees, interest and statutory additions thereto as provided by law.

4621690.1

F.    That the United States of America be granted its costs incurred in this action and

that this Court grant such other relief as justice requires.

<div style="margin-left: 50%;">

A. LEE BENTLEY
Assistant United States Attorney
Middle District of Florida

AMANDA R. NORRIS
Trial Counsel, IL Bar # 6297302
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6472
Facsimile: (202) 514-9868
amanda.r.norris@usdoj.gov

</div>

4621690.1